MANDATE

D. Conn.
10-cr-222
Chatigny, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

---

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of September, two thousand twenty-six.

Present:
Richard C. Wesley,
Richard J. Sullivan,
Beth Robinson,
*Circuit Judges.*

---

United States of America,

*Appellee*,

v. 26-926

Robert Ponte, Loretta Seneca,

*Defendants*,

Robert Rivernider,

*Defendant-Appellant.*

---

Appellant, proceeding pro se, moves for release pending appeal, to expedite the appeal and the transmission of the record, to disqualify the government's attorney, and to file a reduced number of paper copies of his brief and disqualification motion. In December 2024, pursuant to 18 U.S.C. § 3605, the District of Connecticut transferred jurisdiction over Appellant's supervised release to the Middle District of Florida. In January 2026, after the Middle District of Florida had revoked Appellant's supervised release, and after Appellant had appealed that revocation to the Eleventh Circuit, Appellant filed several motions in the District of Connecticut, essentially seeking reconsideration of the December 2024 transfer order. The District of Connecticut denied those motions, concluding that it no longer had jurisdiction over the matter.

We have determined that this Court lacks jurisdiction over this appeal. A transfer of jurisdiction

MANDATE ISSUED ON 11/13/2026

under section 3605 is analogous to a transfer of venue under 28 U.S.C. § 1404(a). This Court has held that orders transferring venue under section 1404(a) are nonfinal. *Fort Knox Music, Inc. v. Baptiste*, 257 F.3d 108, 112 (2d Cir. 2001). By extension, we similarly lack jurisdiction over an order transferring jurisdiction under section 3605. Because we lack jurisdiction over the transfer order, we also lack jurisdiction over the orders now under appeal, which essentially denied reconsideration of the transfer order. *See Petrello v. White*, 533 F.3d 110, 116 (2d Cir. 2008) (holding that this Court lacks jurisdiction to review an order denying reconsideration when it lacks jurisdiction to review the underlying order). Accordingly, upon due consideration, it is hereby ORDERED that the appeal is DISMISSED and Appellant's motions are DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court




A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

